UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIUVER ARMANDO CASTRO-MARADIAGA, | No.  1:26-cv-05134-DAD-SCR (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S OTHERE PENDING MOTIONS |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, | |
| Respondent. | (Doc. Nos. 2, 3, 4) |

On July 6, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)  The court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 7.)

On June 16, 2026, respondent filed an opposition to the pending motion for temporary restraining order.  (Doc. No. 10.)  In that opposition, respondent represents that petitioner previously filed a petition for writ of habeas corpus in this district—*Castro Maradiaga v. Warden of Golden State Annex Detention Facility* ("*Maradiaga I*"), No. 1:25-cv-01779-DJC-JDP.  (*Id.* at

1

2.)  A review of the docket in that case reveals that the assigned magistrate judge found that petitioner was previously released and that his detention without a prompt bond hearing was in violation of his due process rights, recommended that the petition be granted and that petitioner be provided with a bond hearing, and that the district court adopted those findings and recommendations.  *Castro Maradiaga v. Warden of the Golden State Annex Det. Facility*, No. 1:25-cv-01779-DJC-JDP, 2026 WL 698807 (E.D. Cal. Mar. 12, 2026), *report and recommendation adopted*, 2026 WL 881232 (E.D. Cal. Mar. 31, 2026).  On April 16, 2026, the district court vacated its prior order, finding that petitioner was then subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2) because his removal order had become administratively final.  *Castro Maradiaga v. Warden, Golden State Annex Det. Facility*, No. 1:25-cv-01779-DJC-JDP, 2026 WL 698807 (E.D. Cal. Apr. 16, 2026).  Accordingly, the court at that time granted petitioner's petition for writ of habeas corpus in part, finding that his re-detention violated due process but that the relief sought was no longer available to petitioner.  *Id.*, at *1. Petitioner was not provided a bond hearing.  *See Maradiaga I*, Doc. No. 25 (staying requirement for bond hearing on the basis of respondent's representation that petitioner was subject to a new detention authority).

However, respondent concedes that, since the closure of petitioner's previous habeas action, petitioner has received a stay of removal from the Ninth Circuit Court of Appeals.  (Doc. No. 10 at 2.)  Accordingly, respondent concedes that petitioner is not currently subject to detention pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii).  A review of the docket in that appellate action shows that the temporary stay of removal was entered on April 13, 2026.[1]  No. 26-2271, Doc. No. 4 (9th Cir.).  In its opposition, respondent argues only that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 10 at 2), an argument which the undersigned has rejected on

/////

---

[1]  The court observes that this stay was entered prior to the district court's order vacating its prior grant of relief, which was premised on petitioner being subject to a final removal order and subject to mandatory detention pursuant to 8 U.S.C. § 1231.  A review of the docket in *Maradiaga I* demonstrates that the respondent did not inform the court through a notice that the Ninth Circuit had stayed the petitioner's removal order and that, accordingly, § 1231 did not apply to petitioner's detention.

2

several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

In light of petitioner's prior release by immigration authorities, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release.  As this court and a majority of other district courts have repeatedly explained, a pre-deprivation hearing is typically required prior to the re-detention of a previously released detainee.  *Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-01973-DAD-CSK, 2026 WL 1328588, at *2–3 (E.D. Cal. May 13, 2026) (collecting cases).  Although in evaluating the prior habeas petition the assigned magistrate judge found that a prompt bond hearing would be the appropriate remedy, *see Maradiaga*, 2026 WL 698807, at *4, petitioner has now been detained for approximately four additional months without the requisite bond hearing, even after petitioner's detention authority shifted back to 8 U.S.C. § 1226(a) following the entry of the stay of removal.  In light of this delay, and respondent having had ample opportunity over the past several months to provide the requisite bond hearing, the court finds that immediate release is the appropriate remedy.  *See Huerta Huerta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02301-DAD-CSK, 2026 WL 1552359, at *1–2 (E.D. Cal. June 2, 2026) (collecting cases finding that immediate release is the appropriate remedy where the petitioner was improperly denied a bond hearing for several months); *see also Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 1047942, at *7 (C.D. Cal. Apr. 15, 2026) (finding that a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing).

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a.    Respondent is ORDERED to immediately release petitioner Hiuver Armando Castro-Maradiaga, A-File No. 088-349-573, from respondent's

3

custody on the conditions, if any, he was subject to prior to his detention on July 28, 2025;

    b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner poses a flight risk or a danger to the community by clear and convincing evidence;

2.    Petitioner's motions for a temporary restraining order (Doc. No. 3) and for appointment of counsel (Doc. No. 4) are hereby DENIED as having been rendered moot by this order granting him habeas relief;

3.    Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

4.    The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 10, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE